NO. 18-5451

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

————

UNITED STATES OF AMERICA

Plaintiff-Appellee,

v.

JARRATT A. TURNER

Defendant-Appellant.

————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DISTRICT COURT NO. 3:15-CR-00093

————

BRIEF OF APPELLANT

————

Dumaka Shabazz
Molly Rose Green
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
(615) 736-5047
Attorneys for Jarratt Turner

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................iii

STATEMENT REGARDING ORAL ARGUMENT ................................. 1

STATEMENT OF JURISDICTION ........................................................ 2

ISSUE PRESENTED ............................................................................. 3

STATEMENT OF THE CASE ................................................................ 4

SUMMARY OF THE ARGUMENT ........................................................ 8

STANDARD OF REVIEW...................................................................... 9

ARGUMENT ....................................................................................... 10

    I.    Mr. Turner's life sentence of 105 years was procedurally
        unreasonable because the district court failed to
        meaningfully address all of the § 3553(a) factors................ 10

    II.    The 105-year sentence is substantively unreasonable
        because it leaves no room to punish worse offenders and
        because the court gave an unreasonable amount of weight
        to one sentencing factor ...................................................... 13

        A.    The district court abused its discretion by imposing a
            105-year sentence on Mr. Turner ................................. 13

        B.    The district court gave an unreasonable amount
            of weight to one sentencing factor ................................ 15

CONCLUSION ..................................................................................... 16

CERTIFICATE OF SERVICE................................................................ 17

CERTIFICATE OF COMPLIANCE....................................................... 17

## <u>TABLE OF CONTENTS</u> (<u>Continued</u>)

DESIGNATION OF RELEVANT DISTRICT COURT
DOCUMENTS...............................................................................18

# TABLE OF AUTHORITIES

<u>Citations</u>                                                                                    <u>Page(s)</u>

*Gall v. United States*, 552 U.S. 38 (2007) ........................................... 9, 10

*Rita v. United States*, 511 U.S. 338 (2007) ........................................... 10

*United States v. Adkins*, 729 F.3d 559 (6th Cir. 2013) ........................ 14

*United States v. Aleo*, 681 F. 3d 290 (6th Cir. 2012) ..................... 13, 14

*United States v. Bostic*, 371 F.3d 865 (2004) ........................................ 9

*United States v. Chandler*, 419 F.3d 484 (6th Cir. 2005) ..................... 11

*United States v. Harden*, 195 F. App'x 382 (6th Cir. 2006) ................. 11

*United States v. Howell*, 352 F. App'x 55 (6th Cir. 2009) .............. 11, 12

*United States v. Lanning*, 633 F.3d 469 (6th Cir. 2011) ...................... 15

*United States v. Llamas*, 599 F.3d 381 (4th Cir. 2010) ........................ 11

*United States v. Poynter*, 495 F.3d 349 (6th Cir. 2007) ....................... 14

*United States v. Thomas*, 498 F.3d 336 (6th Cir. 2007) ........... 11, 15, 16

*United States v. Wallace*, 597 F.3d 794 (6th Cir. 2010) ................. 10, 12

## Statutes

18 U.S.C. § 2251(a) ................................................................................ 6

18 U.S.C. § 2252(a)(1) ........................................................................... 6

18 U.S.C. § 3231 .................................................................................... 2

18 U.S.C. § 3553(a) ........................................................ 3, 8, 11, 12, 15, 16

18 U.S.C. § 3553(a)(2)(c) ............................................................... 15

18 U.S.C. § 3742 .............................................................................. 2

28 U.S.C. § 1921 ............................................................................... 2

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The appellant is serving a life sentence of 105 years. He respectfully submits that the law and facts involved in his appeal are sufficiently complex that this case merits oral argument.

## STATEMENT OF JURISDICTION

The district court originally exercised jurisdiction under 18 U.S.C. § 3231, which provides it with jurisdiction over all federal crimes. This Court has jurisdiction under 28 U.S.C. § 1921, which provides it with jurisdiction over appeals from final orders of the district courts, and under 18 U.S.C. § 3742, which provides for appeals from sentencing decisions. This appeal is taken from the district court's judgment on sentencing, which was entered on April 27, 2018. (R. 110, Judgment, PageID #: 590-98.) Mr. Turner timely filed a notice of appeal on April 30, 2018. (R. 112, Notice of App., PageID #: 603.)

## ISSUES PRESENTED

I.    Was Mr. Turner's sentence procedurally unreasonable when the district court failed to adequately address the 18 U.S.C. § 3553(a) factors as required by statute?

II.   Was Mr. Turner's sentence substantively unreasonable when the district court gave an unreasonable amount of weight to one § 3553(a) factor, and sentenced Mr. Turner to 105 years of imprisonment?

## STATEMENT OF THE CASE

The district court sentenced Jarratt Turner, age 36, to 105 years' imprisonment after he pleaded guilty to production and transportation of child pornography. Mr. Turner now appeals his life sentence.

When Mr. Turner was a child, between the ages of three and five, he was sexually molested by his father. (R. 113, Sealed Presentence Report ("PSR"), PageID #: 631.) His father, a drug addict and Vietnam War veteran who suffered from Post-Traumatic Stress Disorder, also had frequent angry outbursts, where he would shove and choke Mr. Turner. (*Id.*) Mr. Turner's history of mental health issues began in high school, where he began seeing a therapist for depression. (*Id.* at PageID #: 632.) At the age of 18 or 19, he was raped by his Narcotics Anonymous sponsor. (*Id.* at PageID #: 633.) He has been hospitalized on multiple occasions following suicide attempts and has had suicidal thoughts since he was a teenager. (*Id* at PageID #: 632.) At the time of his arrest, Mr. Turner was being treated for drug dependence and Severe Bipolar Depression. (*Id.* at PageID #: 633.)

Despite his background, Mr. Turner worked steadily as a cleaner or warehouse worker and had no arrests or convictions until the

conduct at issue in this case. (*Id.* at PageID #: 630, 635-36.) While living in Nashville, Mr. Turner made friends at Narcotics Anonymous meetings and offered to babysit their children. (*Id.* at PageID #: 610.) While babysitting a female toddler and a male infant, he took sexually explicit photos and videos of both the children in his home and in a Wal-mart store. (*Id.* at PageID #: 609.) These photographs also depicted contact, including images of the children holding a penis, penetration of the male child's anus with a penis, and penetration of the female child's anus and vagina with a penis and fingers. (*Id.* at PageID #: 611-613.) They also depicted ejaculation and semen on the children's bodies. (*Id.*)

Mr. Turner used an email account to share the images and videos of the children. (*Id.* at PageID #: 609.) On May 25, 2015, he communicated by email with a Queensland Police Service undercover officer, who referred the communication to Homeland Security. (*Id.*) Investigation showed that Mr. Turner had shared images online and stated that he liked young children. (*Id.*) Mr. Turner was arrested at work and a search of his electronic devices revealed 57 videos and 3,039 images of child pornography. (*Id.* at PageID #: 611.)

Mr. Turner was charged with 16 counts of the production of child pornography, in violation of 18 USC 2251(a), and one count of transportation of child pornography, in violation of 18 USC 2252(a)(1). (R. 11, Indictment, PageID #: 19-23.) At sentencing, the government sought a sentence of 120 years. (R. 120, Sentencing Hearing Tr., at PageID #: 672.) Counsel for Mr. Turner requested a sentence of 30 years. (*Id.* at PageID #: 672.) Mr. Turner spoke at sentencing, apologizing for his actions and the judge found his words to be sincere. (*Id.* at PageID #: 675, 679.) At sentencing, counsel for Mr. Turner argued that his history and background of sexual abuse, drug addiction, and mental illness warranted a variance in the case. (*Id.* at PageID #: 672-74.) He argued that 30 years would essentially be a life sentence based on Mr. Turner's life expectancy as diminished by time in the BOP and based on his traumatic childhood. (*Id.* at PageID #: 674-75.)

In sentencing Mr. Turner, the district court said:

> If there is a ten percent chance that you out on the streets can revert, act to the type of conduct that put you in this situation in the first place, I can't take that chance. This is not a case where, you know, I could take a chance on a shoplifter or some other petty criminal, even a drug user, chronic drug user, and say gee whiz, there is a ten percent chance, and I am going to let that person out on the street because the consequences, although bad, if he commits a crime again are not so bad that we can't take a

risk on that person. So if I presume that there is a 90 percent chance that you will never get in trouble again in a case like this involving innocent children whose lives can  be ruined by somebody else who did the same thing to you, I can't take a chance on it because one of the goals of sentencing is to protect society. And I am not talking about to deter other people from committing the same crime. That's called general deterrence. Neither have been talking about specific deterrence to defer (sic) you from committing the crime. I am talking simply about protecting society.

(*Id.* at PageID #: 680.) The court then sentenced Mr. Turner to 105 years of imprisonment. (*Id.* at PageID #: 681.) Mr. Turner filed a notice of appeal on April 30, 2018. (R. 112, Notice of App., PageID #: 603.)

## SUMMARY OF THE ARGUMENT

Mr. Turner's life sentence of 105 years was procedurally unreasonable because the district court failed to meaningfully address all of the § 3553(a) factors, as required by statute. Specifically, the court did not explain how Mr. Turner's background informed the sentence. Further, the sentence was substantively unreasonable because the court gave an unreasonable amount of weight to one factor.

## STANDARD OF REVIEW

This Court reviews a district court's sentence for reasonableness—both substantive and procedural—under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). With regard to a claim of procedural unreasonableness, this abuse-of-discretion standard only applies if, as here, the defendant objected to the sentence as unreasonable at the end of the sentencing hearing. *United States v. Bostic*, 371 F.3d 865 (2004).

# ARGUMENT

## I.  Mr. Turner's life sentence of 105 years was procedurally unreasonable because the district court failed to meaningfully address all of the § 3553(a) factors.

The district court has a statutory obligation to "'adequately explain the chosen sentence to allow for meaningful appellate review.'" *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). The district court may not treat the guidelines as mandatory, fail to provide an adequate explanation for the sentence, fail to consider certain § 3553(a) factors, or select a sentence based on clearly erroneous facts. *Gall*, 552 U.S. at 51.

In *Rita v. United States*, 511 U.S. 338, 356 (2007), the Supreme Court expanded on the need for adequate explanation, requiring that the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." This need for an adequate explanation is based in part on the fact that adequate explanations guard against arbitrariness and promote confidence in the justice system. When the rationale for a sentence is properly explained, and all non-frivolous arguments are rejected with reasoned responses

10

based on the record, the parties and public can understand why a defendant received a particular sentence. *See United States v. Llamas*, 599 F.3d 381, 388 (4th Cir. 2010) ("An adequate explanation of such a rationale not only 'allows for meaningful appellate review,' it also 'promotes the perception of fair sentencing.'") (citation omitted).

"'There is no requirement that the district court . . . engage in a ritualistic incantation of' the § 3553(a) factors." *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) (citation omitted). However, this Court has held that it is insufficient for a district court to merely invoke the factors without some explanation of their application. *See United States v. Thomas*, 498 F.3d 336, 340-41 (6th Cir. 2007); *United States v. Howell*, 352 F. App'x 55, 58 (6th Cir. 2009) ("[R]ote recitation of the statutory language does not provide this Court the ability to review the trial court's exercise of its discretion."); *United States v. Harden*, 195 F. App'x 382, 386 (6th Cir. 2006) ("A district court's perfunctory statement that it has considered the § 3553(a) factors . . . does not relieve the court of its obligation to explain how the factors informed its ultimate determination."). A court can recite the statutory

11

language without "meaningfully apply[ing] those factors to the facts of [the defendant]'s conviction." *Howell*, 352 F. App'x at 57.

Here, the district court did not adequately discuss or apply the § 3553(a) factors when determining Mr. Turner's sentence. While the district court acknowledged that Mr. Turner's "father began this chain," (R. 120, at PageID #: 679), there is no indication that the court meaningfully considered the details of Mr. Turner's upbringing. As described in his sentencing memorandum and by counsel at the sentencing hearing, Mr. Turner experienced sexual abuse at the hands of his father, in addition to being raped as a teenager, leading to long-lasting effects on his mental health. (*Id.* at PageID #: 672-75.) There is no evidence that the court took these facts into consideration in issuing its sentence. *See* § 3553(a)(1); *Wallace*, 597 F.3d at 804. The district court's failure to meaningfully apply the § 3553(a) factors renders Mr. Turner's sentence procedurally unreasonable.

II.   **The 105 year sentence is substantively unreasonable because it leaves no room to punish worse offenders and because the court gave an unreasonable amount of weight to one sentencing factor.**

A.   **The district court abused its discretion by imposing a 105 year sentence on Mr. Turner.**

In *United States v. Aleo*, 681 F. 3d 290 (6th Cir. 2012), this Court found that a 60-year sentence for a defendant who was convicted of production, distribution, and possession of child pornography was substantively unreasonable. *Id.* at 295. Aleo had inappropriately touched his five-year-old granddaughter while producing a video of the abuse. *Id.* at 294-95, 298. He had also used a camera to surreptitiously film children in his bathroom. *Id.* He had distributed child pornography online, and he possessed many such images of horrific abuse of young children. *Id.* He also had no criminal history, confessed, and pleaded guilty. *Id.* at 295, 302. The sentencing judge decided Aleo's case was "'one of the most despicable cases that [he] ha[d] ever been involved in, in 28 years on the bench.'" *Id.* at 297. He also decided that Aleo "'ha[d] no remorse.'" *Id.* He imposed a sentence of 60 years, which was effectively a life sentence.

This Court reversed the sentence as substantively unreasonable. *Id.* at 302. Doing so, it reiterated a point it had made in a previous case

13

wherein the defendant had sexually abused and drugged several boys over a period of years: "'[N]ot all . . . sex offenders deserve what amounts to a life sentence.'" *Id.* at 301 (quoting *United States v. Poynter*, 495 F.3d 349, 354 (6th Cir. 2007) (reversing 60-year sentence)). Echoing *Poynter*, the *Aleo* Court also indicated that the courts should reserve effective life sentences for the truly egregious offenders, *id.* at 301, for example, those who have "fled authorities, did not accept responsibility, or who have been previously convicted of sex offenses with children." *Id.* at 302.

Mr. Turner accepted responsibility and pleaded guilty in this case. (R. 82, Plea Petition, at PageID #: 205.) He expressed his remorse, and the district court found that expression credible. (R. 120, Sentencing Hearing Tr., at PageID #: 675, 679.) He had a background of being gainfully employed, and had no criminal history. (R. 113, PSR, at PageID #: 630, 635.) Further, he had been sexually abused as a child. (*Id.* at PageID #: 631, 633.) The district court either ignored or marginalized these facts when discussing the sentence it would impose. In sum, the district court "chose the sentence arbitrarily." *United States*

*v. Adkins*, 729 F.3d 559, 563 (6th Cir. 2013).  The resulting sentence is

substantively unreasonable.

### B.   The district court gave an unreasonable amount of weight to one sentencing factor.

In determining whether a sentence is substantively unreasonable,

this Court considers "whether or not the district court chose the

challenged sentence arbitrarily, based it upon impermissible factors, or

gave an unreasonable amount of weight to any particular factor."

*United States v. Lanning*, 633 F.3d 469, 474 (6th Cir. 2011).

> While a sentence "may be considered substantively unreasonable
> when the district court . . . gives an unreasonable amount of
> weight to any pertinent factor," . . . the case law  offers little
> guidance as to what an "unreasonable amount of  weight" would
> be. If a district court entirely discounted all but one 3553(a) factor,
> then that court would presumably be giving an unreasonable
> amount of weight to that factor.

*United States v. Thomas*, 395 F. App'x 168, 174 (6th Cir. 2010) (citation

omitted).

Here, the district court discounted all sentencing factors aside

from § 3553(a)(2)(C): the need to "protect the public from further crimes

of the defendant." In fact, the court stated this clearly, when it said that

in fashioning its sentence, it was: "talking simply about protecting

society." (R. 120, Sentencing Hearing Tr., at PageID #: 680.) The court

also made it clear that it was not considering specific or general deterrence. (*Id.* ("And I am not talking about to deter other people from committing the same crime. . . . Neither have been talking about specific deterrence to defer (sic) you from committing the crime.") The court essentially "discounted all but one 3553(a) factor" in fashioning its sentence. *See Thomas*, 395 F. App'x at 174. This renders Mr. Turner's sentence substantively unreasonable.

## CONCLUSION

Mr. Turner is serving an excessive life sentence. The district court did not appropriately apply the § 3553(a) factors, rendering his sentence both substantively and procedurally unreasonable. This Court should vacate the sentence and remand for resentencing.

Respectfully submitted,

s/ *Dumaka Shabazz*
DUMAKA SHABAZZ
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
Dumka_shabazz@fd.org

Attorney for Mr. Turner

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2018, I electronically filed the foregoing Brief of Appellant with the Clerk, U.S. Court of Appeals, by using the CM/ECF system, which will send a Notice of Electronic Filing to Debra Teufel Phillips, Assistant U.S. Attorney, 110 Ninth Avenue South, A-961, Nashville, TN 37203-3870.

s/ *Dumaka Shabazz*
DUMAKA SHABAZZ

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C), Federal Rules of Appellate Procedure, I certify that this brief complies with the type-volume limitations of Rule 32(a)(7)(B) in that it contains 2,491 words. In certifying the number of words in the brief I have relied on the word count of the word-processing system used to prepare the brief.

s/ *Dumaka Shabazz*
DUMAKA SHABAZZ

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Pursuant to Sixth Circuit Rules 10(d) and 11(b), the appellant, Jarratt Turner, designates the following District Court documents as relevant to this appeal.

| Description of Entry | Date filed in District Court | Record Number | Page ID Number |
|---|---|---|---|
| Indictment | 07/01/15 | 11 | 19-23 |
| Plea Petition | 03/20/17 | 82 | 205-209 |
| Judgment | 04/27/18 | 110 | 590-598 |
| Notice of Appeal | 04/30/18 | 112 | 603 |
| Sealed PSR | 05/01/18 | 113 | 604-645 |
| Sentencing Hearing Transcript | 06/04/18 | 120 | 662-687 |