# CASE NO. 18-5451

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

## UNITED STATES OF AMERICA
**Plaintiff - Appellee**

v.

## JARRATT A. TURNER
**Defendant - Appellant**

**On Appeal from the United States District Court
for the Middle District of Tennessee, Nashville Division
Marvin E. Aspen, U.S. District Judge, No. 3:15-cr-00093**

_____

## BRIEF ON BEHALF OF PLAINTIFF-APPELLEE

_____

**DONALD Q. COCHRAN**
**United States Attorney**
**Middle District of Tennessee**

**S. CARRAN DAUGHTREY**
**Assistant United States Attorney**
**110 Ninth Avenue South, Ste. A-961**
**Nashville, Tennessee 37203-3870**
**(615) 736-5151**

**Attorney for Plaintiff-Appellee**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES............................................................................. ii

STATEMENT REGARDING ORAL ARGUMENT ...............................................iv

STATEMENT OF JURISDICTION.................................................................1

STATEMENT OF THE ISSUE .....................................................................2

STATEMENT OF THE CASE ......................................................................3

SUMMARY OF THE ARGUMENT...............................................................9

ARGUMENT ..........................................................................................11

      I.     The District Court's Sentence Was Procedurally Reasonable

          A. Standard of Review......................................................11

          B. Argument...................................................................11

      II.    The District Court's Sentence Was Substantively Reasonable

          A. Standard of Review......................................................14

          B. Argument...................................................................15

CONCLUSION .......................................................................................18

CERTIFICATE OF COMPLIANCE..............................................................19

CERTIFICATE OF SERVICE ....................................................................19

APPELLEE'S DESIGNATION OF
RELEVANT DISTRICT COURT DOCUMENTS ..............................................20

# <u>TABLE OF AUTHORITIES</u>

**<u>Federal Cases</u>**                                                      **<u>Page(s)</u>**

*Gall v. United States*, 552 U.S. 38 (2007) ...............................................................14

*Rita v. United States*, 551 U.S. 338 (2007)..............................................................12

*United States v. Aleo*, 681 F.3d 290 (6th Cir. 2012)................................................16

*United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004)................................................8

*United States v. Brown*, 634 F. App'x 477 (6th Cir. 2015) ....................................16

*United States v. Curry*, 536 F.3d 571 (6th Cir. 2008) .............................................15

*United States v. Gapinski*, 561 F.3d 467 (6th Cir. 2009)........................................12

*United States v. Greco*, 734 F.3d 441 (6th Cir. 2013).............................................15

*United States v. Petrus*, 588 F.3d 347 (6th Cir. 2009)............................................12

*United States v. Pirosko*, 787 F.3d 358 (6th Cir. 2015)..........................................11

*United States v. Souders,* -- F. App'x. --,
2018 WL 3737983 (6th Cir. Aug. 6, 2018) ..............................................................17

*United States v. Tristan-Madrigal*, 601 F.3d 629 (6th Cir. 2010).........................15

*United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) .................................. 11, 12

*United States v. Vowell*, 516 F.3d 503 (6th Cir. 2008).............................................15

## **Federal Statutes**                                    **Page(s)**

18 U.S.C. § 2251(a) ..................................................................5

18 U.S.C. § 2252A(a)(1) .........................................................5

18 U.S.C. § 3231 .....................................................................1

18 U.S.C. § 3553(a) ...................................................... 8, 11, 15

18 U.S.C. § 3742 .....................................................................1

28 U.S.C. § 1291 .....................................................................1

## **Federal Rules**

6th Cir. R. 28(c) ....................................................................20

6th Cir. R. 30(b) ....................................................................20

## **United States Sentencing Guidelines**

U.S.S.G. § 5G1.1(a) .................................................................6

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The United States submits that oral argument is unnecessary in this case. A thorough review of the facts, issues, and applicable law are adequately set forth in the briefs of the parties, and oral argument would not provide significant assistance to the Court in rendering an appropriate decision.

## <u>STATEMENT OF JURISDICTION</u>

The district court had jurisdiction over this criminal case under 18 U.S.C. § 3231. This Court has jurisdiction over the defendant's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The district court's judgment was entered on April 27, 2018, and the defendant timely filed a notice of appeal on April 30, 2018. (R. 112, Notice of Appeal, PageID #: 603.)

## <u>STATEMENT OF THE ISSUE</u>

On numerous occasions over the course of at least seven months, the defendant babysat a one-year-old boy and two-year-old girl, the children of two families whom he knew. While the children were in his care, he recorded himself penetrating and sexually exploiting both young children. He then traded these "home-made" images and videos and discussed his molestation of the children with like-minded people online. The defendant pleaded guilty to 16 counts of production and one count of transportation of child pornography and faced an advisory guideline range of 500 years.

Under the facts and circumstances of this case, was the 105-year sentence imposed by the district court both procedurally and substantively reasonable?

## STATEMENT OF THE CASE

On May 25, 2015, an undercover law enforcement officer with the Queensland Police Service (QPS) in Australia communicated by email with an individual—later identified as Jarratt Turner—using the email address nijasdad@inbox.com. (R.113, Presentence Investigation Report ("PSR"), PageID# 609.) Turner emailed the undercover officer images of a very young girl's genitalia and alluded to sexually abusing her. (R.113, PSR, PageID# 609.) Based on the Internet Provider (IP) addresses, the QPS officer referred the case to Homeland Security Investigations (HSI) in the United States. (R.113, PSR, PageID# 609.) HSI agents then obtained a search warrant for the email address and found that it had been used exclusively for the trade and discussion of child pornography. (*Id.*) In his email exchanges, Turner falsely identified the young girl as his daughter and another infant boy as his nephew. (R.113, PSR, PageID# 609-10.) All IP addresses associated with the email exchanges showed that Turner had accessed the account only from locations with publicly available Wi-Fi, which made identification of the account owner more difficult. (R.113, PSR, PageID# 610.) One of the IP address locations, however, was a coffee shop in Nashville, Tennessee. (*Id.*) With the help of the manager of the coffee shop, HSI agents were able to identify Turner as the email account owner, as well as possible family members of the victimized children. (*Id.*) The agents then contacted adults that were associated with photos of the

3

children found on Facebook, and the families subsequently confirmed the identity of their children, as well as their friendship with Turner, to whom they had entrusted their children for babysitting. (*Id.*)

Turner was arrested immediately and taken into custody. (*Id.*) A simultaneous search—pursuant to a search warrant—of Turner's residence confirmed that many of the images and videos had been recorded in his bedroom and bathroom. (R.113, PSR, PageID #610-11.) Subsequent forensic analysis revealed that Turner had over 3000 images and approximately 57 videos of child pornography. (R.113, PSR, PageID #611.)

Investigating agents further discovered that, on at least 16 different occasions between October 4, 2014, and May 2015, Turner had produced a significant amount of child pornography (including both videos and still images), involving of a two-year-old girl and a one-year-old boy. (R.113, PSR, PageID# 608-13.) These videos and images included depictions of Turner's rape of the children, the children touching his penis, his ejaculate on the children, and the children's genitalia. (*Id.*) More specifically, Turner had recorded sexually explicit images and videos of himself raping the toddler girl, both vaginally and anally. (R.113, PSR, PageID# 608-13.) He also recorded himself anally raping, and performing other sexually explicit acts on, the infant boy. (*Id.*) During the investigation, an HSI Intelligence Analyst was able to pull detailed fingerprints from an adult's finger spreading the

4

female toddler's labia for the camera, and the prints in the images matched those of Turner. (R.113, PSR, PageID# 613.)

Turner also had used his "nijasdad@inbox.com" email account to send, via the Internet, a significant amount of the sexually explicit material he had produced. He sent this material to at least four individuals, one of whom was the QPS undercover investigator. Within the emails, he often made comments that reflected his sexual interest in very young children, such as "I . . . am . . . looking for hc [hard core] boys and girls in the 2-7 year old range preferably 2-5 really." (R.113, PSR, PageID# 613.)

Based on the evidence found during the investigation, Turner was charged by indictment with 16 counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251(a), and one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1). (R.11, Indictment, PageID# 19.) On March 17, 2017, Turner pleaded guilty to the indictment without a plea agreement. (R.82, Plea Petition, PageID# 205.)

In preparation for sentencing, Turner reported to the U.S. Probation Office that he had grown up as an only child in a wealthy family, where he excelled in school and was active in sports until he began experimenting with alcohol and drugs. (R.113, PSR, PageID# 630-31.) Turner stated he had begun experiencing mental health problems in high school when he was diagnosed with depression, and he later

became addicted to alcohol and illegal drugs, during which time he also was diagnosed with bipolar disorder. (R.113, PSR, PageID# 632-33.) As part of his presentence interview, Turner also reported that he had been sexual abused himself, both by his father when he was 3 to 5 years old (though Turner's mother adamantly denied this claim), and by his Narcotics Anonymous sponsor when he was a young adult. (R.113, PSR, PageID# 632-33.)

The Presentence Investigation Report ("PSR") found Turner's total offense level to be 53, which is ten levels higher than the highest level in the sentencing table. That offense level was then reduced to 43, under application note 2 to the sentencing table. Although this offense level corresponded with a guidelines range of life imprisonment, the effective "guideline sentence" became 6000 months (or 500 years) as a result of the statutory maximums, under U.S.S.G. § 5G1.1(a).

Turner did not dispute the applicable guideline range, but requested a downward variance to 30 years. (R.120, Transcript of Sentencing Hearing ("STR"), PageID# 672-75.) The United States agreed with the recommendation of the United States Probation Office that 120 years would be an appropriate sentence of incarceration. (R.120, STR, PageID# 670-72; R.99, United States' Sentencing Memorandum, PageID# 465-91.)

At the sentencing hearing, the district court considered letters on behalf of Turner, and a letter from the mother of the infant victim, as well Turner's own

allocution. After listening to the parties' arguments in support of their requested sentences, the court explained its reasoning as follows:

> [T]his is one of the cases that I think every judge dreads to be the sentencing judge for. I have no doubt as you stand here before me the sincerity of your words. I am only sorry that your father began this chain that you are passing on to others [and that] was not intercepted at a time that would help you.

> We have so many cases before the Court where you can trace the defendant's plunge in the hole of criminality and antisocial behavior to parental setting. In that case, in that sense, rather, your case is not unusual. Doesn't make it any less tragic, but not unique.

> Giving you the benefit of the doubt with treatment and assuming the sincerity of your words and even the ability that you have to keep the demons away for the rest of your life, I can't give you the sentence that your attorney asked for because, unfortunately, there are other considerations that are important. If there is a ten percent chance that you out on the streets can revert, act to the type of conduct that put you in this situation in the first place, I can't take that chance. This is not a case where, you know, I could take a chance on a shoplifter or some other petty criminal, even a drug user, chronic drug user, and say gee whiz, there is a ten percent chance, and I am going to let that person out on the street because the consequences, although bad, if he commits a crime again are not so bad that we can't take a risk on that person.

> So if I presume that there is a 90 percent chance that you will never get in trouble again in a case like this involving innocent children whose lives can be ruined just the way your life was ruined by somebody else who did the same thing to you, I can't take a chance on it because one of the goals of sentencing is to protect society. And I am not talking about to deter other people from committing the same crime. That's called general deterrence. Neither have been talking about specific deterrence to defer [sic] you from committing the crime. I am talking simply about protecting society.

> The Probation Department's recommendation under these circumstances is harsh but not unreasonable and is appropriate.

7

(R.120, STR, PageID# 679-80.) The court then sentenced Turner to 105 years' imprisonment, to be followed by lifetime supervision. (R.120, STR, PageID# 681; R.110, Judgment, PageID# 590.) The court encouraged the defendant to seek substance abuse and mental health treatment while incarcerated but stated that he intended to have the defendant spend the rest of his life in prison, not out of vindictiveness but out of concern for "defenseless people out there who are your potential victims." (R.120, STR, PageID# 681.) Turner objected, pursuant to *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), that the court had not "adequately taken into . . . consideration his childhood trauma, acceptance of responsibility, and the fact that a shorter, much shorter sentence still would achieve the purposes of 3553." (R.120, STR, PageID# 684.) The court noted that this argument had been included in defense counsel's "very able advocacy," that he had considered the argument, and that he had addressed it. (*Id*.)

Consistent with the oral pronouncement of the sentence, the written statement of reasons indicates that the sentencing court considered the following factors under 18 U.S.C. § 3553(a) in choosing to impose a downward variance: the history and characteristics of the defendant, including his mental and emotional condition; the need to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. (R.111, Statement of Reasons, PageID# 601.) Turner timely filed his notice of appeal. (R.112, Notice of Appeal, PageID# 603.)

8

## SUMMARY OF THE ARGUMENT

The below-guidelines sentence imposed by the district court, while lengthy, was procedurally and substantively reasonable given the horrific facts of this case. First, the court adequately address the § 3553(a) factors, and expressly took into account Turner's claim to have been sexually abused as a child. Indeed, the court specifically mentioned that it was "sorry that your father began this chain that you are passing on to others," noting that it could "trace the defendant's plunge into the hole of criminality and antisocial behavior to parental setting." However, as the court explained, these considerations had to be balanced against competing considerations, including the importance of just punishment, deterrence, and incapacitation.

Second, Turner has not overcome the presumption that his below-guidelines sentence was substantively reasonable. Turner contends that the court abused its discretion by imposing a 105-year sentence, because the courts should reserve effective life sentences for truly egregious offenders and that the court unreasonably weighed one factor by either ignoring or marginalizing the fact that the defendant accepted responsibility, had no criminal history, and was abused by his father. The court acknowledged that this patterned criminal behavior likely began with his father's abuse. Additionally, the court explained to Turner that despite his sincerity and the possibility that he will not return to his criminality, there are other important

considerations. The court found that these factors did not overcome the concern of recidivism as Turner had sexually abused a 2-year-old and a 1-year-old infant. He then created pornographic images of them, traded the photos of the sexual abuse online (where they will doubtless live in perpetuity) for other pornographic images of young children. The district court was fully within its rights to impose a lengthy sentence for these gravely serious offenses.

## ARGUMENT

## I.    The District Court's Sentence Was Procedurally Reasonable.

### A.    Standard of Review

Turner first contends that his sentence was procedurally unreasonable because the court failed to discuss adequately all of the § 3553(a) factors. (App. Br. at 12.) When a challenge to the procedural reasonableness of a sentence has been properly preserved below, this Court reviews a sentence for procedural reasonableness under a deferential abuse-of-discretion standard. *United States v. Pirosko*, 787 F.3d 358, 372 (6th Cir. 2015). In sentencing, generally, "district courts have considerable discretion in this area and thus deserve the benefit of the doubt when [appellate courts] review their sentences and the reasons given for them." *United States v. Vonner*, 516 F.3d 382, 392 (6th Cir. 2008).

### B.    Argument

Turner claims that his sentence is procedurally unreasonable because the court failed to address meaningfully all of the 18 U.S.C. § 3553(a) factors. Turner acknowledges that the court recognized that his "father began this chain," but he argues that the court did not meaningfully consider the details of Turner's upbringing, including the sexual abuse by his father, his having been raped as a young adult, and the resulting long-lasting effects on his mental health. (App. Br. 12).

11

Congress does not require courts to "give the reasons for rejecting any and all arguments by the parties for alternative sentences" in order for a sentence to be procedurally reasonable. *Vonner*, 516 F.3d at 387 (affirming the sentence imposed by the district court). Instead, a sentencing court should "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Gapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *Rita v. United States*, 551 U.S. 338 (2007)). "[A] district court's failure to address each argument of the defendant head-on will not lead to automatic vacatur if the context and the record make the court's reasoning clear." *United States v. Petrus*, 588 F.3d 347, 352 (6th Cir. 2009) (internal quotation marks and alterations omitted). Moreover, as this Court has emphasized, "there is a sizeable gap between good sentencing practices and reversibly bad sentencing practices." *Vonner*, 516 F.3d at 389.

Here, the district court expressly noted the seriousness of the crime; the defendant's history and characteristics; the need for protection of the public from further crimes of the defendant; the sentencing guideline range; and the need for deterrence. The court began by explicitly stating that it had reviewed all of the presentence materials. (R.120, STR, Page ID# 663.) During imposition of the sentence, the court noted the difficulty of sentencing in such horrific cases as this one, and alluded to the seriousness of the crimes in stating that it could not risk

allowing Turner the opportunity to commit such crimes again. (R.120, STR, PageID# 679-80.)

The court also acknowledged Turner's history and characteristics, including the past abuse from his father, describing this abuse as beginning the chain that Turner was now passing on to another generation of children. The court acknowledged the references to abuse in Turner's allocution, telling him that he did not doubt the sincerity of his words. (R.120, STR, PageID# 679.) The court also recognized that Turner's criminality and antisocial behavior could be traced to "parental setting," noting that it was "tragic, but not unique." (R.120, STR, PageID# 679.) And the court referenced the defendant's abuse again later, when expressing concern for "innocent children whose lives can be ruined just the way your life was ruined by somebody else who did the same thing to you." (R.120, STR, PageID# 680.)

While the court did not separately refer specifically to the alleged rape of Turner when he was a young adult, the context of the discussion as a whole makes clear that the court accepted Turner's basic premise that his culpability was reduced by the fact that his crimes stemmed in part from his own abuse. Although the court accepted this premise, it ultimately concluded that Turner's slightly diminished culpability was more than offset by the facts and circumstances of the offense and the need for incapacitation and deterrence, given the court's "concern for defenseless

13

people out there who are your potential victims." (R.120, STR, PageID# 680, 682.) Indeed, when defense counsel objected that the court had failed to consider Turner's childhood trauma, the court explicitly stated, "I have considered it. I think I have addressed it." (R.120, STR, PageID# 684.) It was not necessary for the court to explain this reasoning in greater detail, or to repeat back every detail of an argument that it had plainly considered, and in fact had largely agreed with.

In summary, the district court considered the parties' filings, letters, and arguments in imposing a sentence of 105 years' incarceration. In doing so, it adequately explained how it balanced a number of competing factors, including Turner's childhood, on the one hand, against the brutal fact that he repeatedly raped two pre-verbal children and then distributed images of himself doing so to other pedophiles online. The court's explanation was more than adequate—and certainly was not reversibly bad—and Turner's sentence was thus procedurally reasonable.

## II.     The District Court's Sentence Was Substantively Reasonable.

### A.     Standard of Review

Turner next contends that his sentence was substantively unreasonable. This Court reviews the substantive reasonableness of all sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).

### B.      Argument

"A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent 18 U.S.C. § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and 'sufficient but not greater than necessary, to comply with the purposes' of 18 U.S.C. § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting 18 U.S.C. § 3553(a), additional internal quotation marks omitted). Because this Court applies a presumption of reasonableness to within-guidelines sentences, "simple logic compels the conclusion" that a defendant's task in persuading the Court that a below-guidelines sentence is substantively unreasonable "is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) (holding that "[a]lthough it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

Turner contends that his sentence was arbitrarily selected "because it leaves no room to punish worse offenders" and because the court gave an unreasonable amount of weight to one sentencing factor. (App. Br. at 13.) To support the first of

these two arguments, the defendant relies on *United States v. Aleo*, in an attempt to demonstrate that "[n]ot all . . . sex offenders deserve what amounts to a life sentence." 681 F.3d 290, 301 (6th Cir. 2012); App. Br. 14. "In *Aleo*, the district court concluded that the Guidelines 'could not possibly have envisioned a crime as horrendous' as the defendant's, and then issued a sentence two and one-half times greater than the top of the Guidelines range based on facts that were already included in the Guidelines calculation." *United States v. Brown*, 634 F. App'x 477, 481 (6th Cir. 2015) (quoting *Aleo*, 681 F.3d at 300). The Sixth Court's conclusion that Aleo's sentence was substantively unreasonable has no bearing on a case like this one, in which the sentencing court imposed a sentence far below the applicable range, did not labor under a fundamental misunderstanding of the guidelines, recognized the defendant's abuse as a child and the sincerity of his remorse during allocution, and noted the egregious nature of the defendant's conduct in which he recorded his rape of two pre-verbal children over the course of many months and then traded these recordings with others. Even after acceptance of responsibility, the total offense level in this case was 10 levels higher than the highest offense level in the sentencing table, resulting in an advisory guideline range of life, which was revised to be 6000 months (500 years) since the statutory maximum sentences were less than life. In this case, the sentencing court clearly considered the unique facts and circumstances of the case, including the sincerity of Turner's expression of remorse during

allocution and his childhood abuse, and determined that a 105-year sentence was appropriate, given the need to protect the public from further heinous crimes by the defendant. (R.120, STR, PageID# 679-82.)

Turner further argues that the court gave an unreasonable amount of weight to one sentencing factor by discounting all sentencing factors except the need to "protect the public from further crimes of the defendant." (App. Br. 15). Contrary to this assertion, however, the court did discuss an array of factors that it considered in selecting the appropriate sentence. That it ultimately found one to be particularly salient is neither erroneous nor surprising, given that this case involved Turner's repeated rape of two young children entrusted to his care.

Finally, it is worth noting that Turner's overarching argument—that his sentence is unreasonable because, as an effective life sentence, "it leaves no room to punish worse offenders" (App. Br. at 13)—was recently considered and rejected by this Court. *See United States v. Souders*, -- F. App'x --, 2018 WL 3737983 (6th Cir. Aug. 6, 2018). In *Souders*, the defendant received a 60-year sentence (from the same district judge), after pleading guilty to producing child pornography. *Id.* at *2. On appeal, the defendant (represented by the same counsel as here) argued that his sentence was substantively unreasonable "because it leaves no room to punish categorically worse offenders." *Id.* at *5. The Court rejected that argument, emphasizing that "there is rarely—if ever—a circumstance where the fact that a

17

sentence might mean a particular defendant will die in jail, *i.e.*, an 'effective life sentence,' carries independent sentencing significance," and further explaining that "we cannot reject a sentence as substantively unreasonable on grounds that would categorically apply to a host of other recommendations under the Guidelines." *Id.* at *5 & n.3. The same conclusion should apply here. The substantive reasonableness of Turner's sentence must be evaluated on the basis of the particular facts and circumstances of the case. Those facts are particularly horrific and egregious here, and thus warrant the lengthy sentence that the district court imposed.

## CONCLUSION

For the reasons stated herein, the United States respectfully submits that Turner's sentence should be affirmed.

Respectfully submitted,

DONALD Q. COCHRAN
United States Attorney
Middle District of Tennessee

*/s/ S. Carran Daughtrey*
S. Carran Daughtrey
Assistant United States Attorney
110 Ninth Avenue South, Suite A-961
Nashville, Tennessee 37203-3870
(615) 736-5151
Attorney for Plaintiff-Appellee

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned hereby certifies that this brief contains 3,853 words, exclusive of the table of contents, table of authorities, and certifications, and therefore complies with the limitations on length of a brief set forth at Rule 32(a)(7)(B)(I) of the Federal Rules of Appellate Procedure.

*/s/ S. Carran Daughtrey*
S. CARRAN DAUGHTREY

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this the 12th day of October, 2018, an electronic copy of this brief was served via the Court's electronic filing system upon:

Dumaka Shabazz
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203

*/s/ S. Carran Daughtrey*
S. CARRAN DAUGHTREY

# ADDENDUM

## APPELLEE'S DESIGNATION OF
## RELEVANT DISTRICT COURT DOCUMENTS

Appellee, pursuant to 6th Cir. R. 28(c) and 6th Cir. R. 30(b), hereby designates the following relevant district court documents in the electronic record:

| Record Entry No. | Description of Document | PageID# |
|---|---|---|
| 11 | Indictment | 19 |
| 82 | Order Accepting Plea Petition | 205 |
| 99 | United States' Sentencing Memorandum | 465-91 |
| 110 | Judgment | 590 |
| 111 | Sealed Statement of Reasons | 601 |
| 112 | Notice of Appeal | 603 |
| 113 | Presentence Investigation Report (*Sealed*) ("PSR") | 609-13, 630-33 |
| 120 | Transcript of Sentencing Hearing on April 16, 2018 ("STR") | 663, 670-75, 679-82, 684 |